IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2015

## MARK TAKASHI v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 102788     Bobby R. McGee, Judge**

---

**No. E2014-01432-CCA-R3-PC – Filed July 29, 2015**

---

The Petitioner, Mark Takashi, appeals from the denial of post-conviction relief by the Criminal Court for Knox County. He was convicted of aggravated child abuse and sentenced to twenty-five years' imprisonment, to be served at 100 percent. On appeal, the Petitioner argues that he received ineffective assistance of counsel during plea negotiations. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the Petitioner, Mark Takashi.

Robert E. Cooper, Jr., Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Christopher Rodgers, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Petitioner's conviction arose after Knoxville police officers discovered his one-month-old son appearing lifeless and gray in the Petitioner's apartment on the evening of September 23, 2005. See State v. Mark Takashi, No. E2010-01818-CCA-R3-CD, 2012 WL 4459861, at *1 (Tenn. Crim. App. Sept. 27, 2012), perm. app. denied (Tenn. Mar. 5, 2013). After a jury trial in which the Petitioner elected to represent himself, he was convicted of aggravated child abuse and aggravated child neglect, Class A felonies. Id. The trial court merged the offenses into one conviction for aggravated child abuse and sentenced the Petitioner to twenty-five years' incarceration, to be served at 100 percent. Id. at *2. A full recitation of the underlying facts can be found in this court's opinion on direct appeal. See id. at *1-2.

On direct appeal, the Petitioner argued that the trial court erred by imposing an excessive sentence and by allowing the Petitioner to represent himself at trial. Id. at *1. This court affirmed the Petitioner's conviction, and the Tennessee Supreme Court denied his application for permission to appeal on March 5, 2013.

On December 6, 2013, the Petitioner filed a timely pro se petition for post-conviction relief alleging numerous grounds of ineffective assistance of counsel. Following the appointment of counsel, the Petitioner filed an amended post-conviction petition. The following evidence, as relevant to this appeal, was adduced at the June 27, 2014 post-conviction hearing.[1]

**Post-Conviction Hearing.** The Petitioner testified that he was appointed multiple attorneys in his case before his family retained pretrial counsel. During his representation of the Petitioner, pretrial counsel participated in plea negotiations with the State. However, the Petitioner stated that he became frustrated with pretrial counsel's representation and with lawyers in general, and he discharged pretrial counsel prior to trial. When discussing how his case should be resolved with pretrial counsel, the Petitioner stated, "I did make it clear that given the facts in how the case was handled, and given the facts that existed in the case, that I did not want a plea agreement." Because he was dissatisfied with his previous attorneys, the Petitioner chose to represent himself at trial.

Prior to his withdrawal, pretrial counsel sent the Petitioner a letter in October 2007 that detailed the two plea deals offered by the State. At the time, the Petitioner was in custody at the Knox County Jail. The letter, which was entered into evidence without objection, gave the Petitioner the opportunity to plea to the lesser charge of child neglect, a Class D felony. Specifically, the first offer involved an Alford "best interest" plea to child neglect in exchange for a six-year sentence with "a near immediate release" into probation, with credit for time served. Similarly, the second offer involved a guilty plea to child neglect in exchange for a six-year sentence with immediate release for "time served" into a period of probation.

The Petitioner testified that pretrial counsel encouraged him to accept the plea deal, but he told counsel that he wanted a trial. He said he understood that both offers would result in his release from custody. He also understood the nature of his charge for aggravated child abuse, but he was not aware of the felony classification or the range of punishment at the time of the plea offer. The Petitioner stated that pretrial counsel never informed him that he could be sentenced to twenty-five years if convicted of aggravated child abuse. Pretrial counsel's plea deal letter also omitted any discussion of a potential

---

[1] On appeal, the Petitioner raised the sole issue of ineffective assistance of counsel during the plea negotiation process. Accordingly, we only address testimony from the hearing relevant to this issue.

twenty-five-year sentence. The Petitioner said he never learned of the possible range of punishment until after he had fired pretrial counsel. He acknowledged that child neglect was a lesser offense than aggravated child abuse, but he did not consider child neglect to be appropriate in his case.

When asked whether he would have accepted a plea deal if he had been properly informed of the risk of a twenty-five-year sentence, the Petitioner testified, "I would've wanted to have been home with my family by all means necessary. On one hand, however, I still don't know what the outcome of my decisions would've been." He said that his understanding of the evidence "impacted wholeheartedly [his] decision" to reject the State's plea offers. When asked whether the twenty-five-year sentence would have impacted his decision, the Petitioner stated, "Psychologically had I had been informed with this information beforehand, my thoughts and feelings about things would've been more greatly weighed than had I not known 25 years to be served [sic]."

On cross-examination, the Petitioner agreed that he maintained his innocence at the time of the plea negotiations and at the post-conviction hearing. He said that based on his emotional state at the time, he would have rejected any plea agreement in favor of going to trial. He conceded that he understood the seriousness of his charges and that he faced the risk of "serious jail time" if convicted. However, the Petitioner considered twenty-five years to be "beyond serious." He opined that he lacked any mens rea to be convicted in his case, and that at the time, his "emotions and mindset was [to] go to trial, clear [his] name, clear [his] reputation, get back home to [his] family."

At the conclusion of the hearing, the post-conviction court denied relief in a ruling from the bench. The Petitioner timely appealed the post-conviction court's order.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred in denying relief. He maintains that pretrial counsel was ineffective in failing to adequately inform him of the likely consequence of rejecting the initial plea offers. The Petitioner asserts that based on counsel's error, he was unable to properly evaluate whether or not he should accept the negotiated pleas. The State responds that the post-conviction court properly denied relief because the Petitioner failed to establish any prejudice based on counsel's alleged deficiency. We agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

-3-

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotation marks and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668, 687 (1984)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

-4-

A petitioner successfully demonstrates deficient performance when the petitioner establishes that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694).

We note that a criminal defendant is entitled to the effective assistance of counsel throughout the plea negotiation process. See Harris v. State, 875 S.W.2d 662, 666 (Tenn. 1994); see also Missouri v. Frye, 132 S. Ct. 1399, 1407-09 (2012) (applying the two-part Strickland test to claims of ineffective assistance of counsel during plea negotiations). "'[A] lawyer must abide by his client's decision [to accept or reject a plea] only after having provided the client with competent and fully informed advice, including an analysis of the risks that the client would face in proceeding to trial.'" Nesbit v. State, 452 S.W.3d 779, 800 (Tenn. 2014) (quoting Burt v. Titlow, 134 S. Ct. 10, 19 (2013)). Recently, the Tennessee Supreme Court in Nesbit specifically adopted the standard established by the United States Supreme Court in Lafler v. Cooper for determining whether a defendant is entitled to relief for ineffective assistance of counsel during plea negotiations:

> [A] defendant claiming that trial counsel's performance was deficient in the plea negotiations process has the burden to show by a reasonable probability that, but for counsel's deficient representation, (1) the defendant would have accepted the plea, (2) the prosecution would not have withdrawn the offer, and (3) the trial court would have accepted the terms of the offer, such that the penalty under its terms would have been less severe than the penalty actually imposed.

Nesbit, 452 S.W.3d at 800-01 (citing Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012)); see also State v. Garrison, 40 S.W.3d 426, 431 (Tenn. 2000) ("In the context of a petitioner who seeks to reinstate (rather than withdraw) a plea offer, the petitioner must show that there is a reasonable probability that he or she would have accepted the plea had it been properly communicated to him or her.") (citations omitted).

Here, the post-conviction court concluded that the Petitioner failed to establish either deficient representation or prejudice. Specifically, the court found that pretrial counsel was able to negotiate a plea deal reducing a Class A felony punishable by up to twenty-five years down to a lesser offense of criminal responsibility for child neglect, with credit for time served. The court noted that even after repeated questioning by post-

conviction counsel and by the State, the Petitioner could not testify that he would have accepted the plea agreement if counsel had informed him of the potential twenty-five year sentence. Regarding the issue of prejudice, the court found that the Petitioner had been more interested in vindication rather than accepting any proffered plea agreement. Accordingly, the court concluded that the Petitioner had failed to establish any basis for post-conviction relief.

We conclude that the record supports the post-conviction court's determination that the Petitioner failed to prove either deficient performance or prejudice arising therefrom. Significantly, the Petitioner presented no proof that he would have accepted the plea offer if pretrial counsel had informed him of the risks of proceeding to trial. His testimony at the post-conviction hearing emphasized his innocence, his dissatisfaction with his attorneys, and his intent on proceeding to trial. He further testified that he understood the seriousness of his charges and that he faced "serious jail time." In his brief, the Petitioner argues that "[t]hough [he] could not be entirely certain what he would have chosen had he been informed he was risking twenty-five years in prison, . . . he would have given the proposals additional consideration had he been aware of the risks of rejecting them." Based on the record, the Petitioner has failed to establish a reasonable probability that but for pretrial counsel's alleged deficiency, he would have accepted the State's plea offers.[2] Therefore, he is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE

---

[2] See, e.g., Nesbit, 452 S.W.3d at 801 (defendant was not entitled to post-conviction relief because he could not show that he would have accepted the State's plea); Garrison, 40 S.W.3d at 431 (even if counsel was deficient during plea negotiations, prejudice was established only if the evidence also showed a reasonable probability that the defendant would have accepted the plea offer if counsel had not erred).